IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN J. YOUNGER,            *
          Plaintiff
                             *
        v.                                  Civil Action No.  ELH-13-1931
                             *
WARREN SMITH, et al.,
          Defendants          *
                              ******

## MEMORANDUM

In this action under 42 U.S.C. § 1983, plaintiff Kevin Younger, who is self-represented, alleges that his constitutional rights were violated by defendants Warren Smith and Daniel Andrew Riesmeyer, employees of Utrecht Art Supply, also named as a defendant. Complaining that defendants improperly identified him as the perpetrator of an armed robbery, plaintiff seeks a monetary award. ECF No. 1.[1] Because he appears indigent, plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted, pursuant to 28 U.S.C. § 1915(a). However, for the reasons set forth below, dismissal of the complaint is appropriate.

In order to successfully assert a claim based on violation of constitutional rights, the defendant must be a state actor. Specifically, the person or persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. None of the named defendants are state officials, nor does the conduct described by plaintiff have the imprimatur of official conduct.

---

[1] The status of these charges is unclear . *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

In limited circumstances, seemingly private conduct can be the subject of a §1983 suit. The Fourth Circuit has "recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged by plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993). Accordingly, the civil rights claims plaintiff asserts against defendants must be dismissed, without prejudice.

A separate Order follows.

7/17/13  /s
Date  Ellen L. Hollander
United States District Judge